AMERICAN NICKELOID EMPLOYEE CREDIT UNION, Plaintiff-Appellee, v. ANN PYZSKA, Defendant-Appellant.

Third District No. 3—87—0124

Opinion filed October 20, 1987.

Edward Zukosky, of Wenona, for appellant.

William Banich, of Hollerich, Hurley & Banich, P.C., of La Salle, for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

Ronald Pyzska and his mother, the defendant herein, cosigned a promissory note to secure a loan they obtained from the plaintiff, American Nickeloid Employee Credit Union. The promissory note provided that the loan was payable in monthly installments thereafter, including interest computed at 12% per annum. On April 29, 1982, Ronald Pyzska filed a chapter 13 bankruptcy proceeding. A plan was filed and confirmed on June 21, 1982. The plaintiff filed its proof of claim in the bankruptcy proceeding in the amount of $7,380.01, representing the total amount due and owing on the promissory note as of the date the plan went into effect. On September 16, 1985, the trustee's final report was approved, and Ronald Pyzska was discharged. The report showed that the plaintiff had been paid $7,380.01.

On June 26, 1986, the plaintiff sued the defendant for the alleged balance due on the note for interest which accrued during the pendency of the bankruptcy proceedings, interest on that amount, and attorney fees. The trial court granted judgment in favor of the plaintiff and awarded costs. The defendant appeals. We affirm.

■ The defendant first argues that the interest on the note stopped accruing on the date the petition in bankruptcy was filed. Though the interest did stop accruing as to Ronald Pyzska, the bankrupt, it did not stop accruing as to the defendant. The protective provisions in the Bankruptcy Code which usually serve to stop the postpetition accrual of interest are not applicable to the defendant, because the Bankruptcy Code is not intended to benefit parties other than the bankrupt. (*First National Bank v. Carlton* (1987), 156 Ill. App. 3d 880.) Additionally, the Bankruptcy Code specifically states:

"Except as provided in subsection (a)(3) of this section, dis-

charge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt." 11 U.S.C.A. sec. 524(e) (1979).

■ Alternatively, the defendant argues that interest stopped accruing as to her pursuant to 11 U.S.C.A. sec. 1301, which provides in pertinent part:

"Sec. 1301 Stay of Action Against Codebtor

(a) Except as provided in subsections (b) and (c) of this section, after the order for relief under this chapter, a creditor may not act, or commence or continue any civil action, to collect all or any part of a consumer debt of the debtor from any individual that is liable on such debt with the debtor, or that secured such debt, unless—

(1) such individual became liable on or secured such debt in the ordinary course of such individual's business; or

(2) the case is closed, dismissed, or converted to a case under chapter 7 or 11 of this title." (11 U.S.C.A. sec. 1301 (1979).)

This section does not relieve a codebtor from post-petition accrual of interest as the defendant maintains. The historical and revision notes to this section state:

"Notes of Committee on the Judiciary, House Report No. 95—595. This section is new. It is designed to protect a debtor operating under a chapter 13 individual repayment plan case by insulating him from indirect pressures from his creditors exerted through friends or relatives that may have cosigned an obligation of the debtor. The protection is limited, however, to ensure that the creditor involved does not lose the benefit of the bargain he made for a cosigner. He is entitled to full compensation, including any interest, fees, and costs provided for by the agreement under which the debtor obtained his loan. The creditor is simply required to share with other creditors to the extent that the debtor will repay him under the chapter 13 plan. The creditor is delayed, but his substantive rights are not affected." (11 U.S.C.A. sec. 1301, Historical and Revision Notes, at 58 (1979).)

The legislative history of section 1301 clarifies that Congress did not intend to relieve a codebtor from liability for interest payments which he contracted to pay. The codebtor stay is intended only to delay collection efforts against those individuals who have obligated themselves on debts incurred by chapter 13 debtors and only to the extent which the plan proposes to pay those claims. Since the plaintiff's sub-

stantive rights are not affected by the codebtor stay, its right to interest on its loan continues despite the fact that the other maker has filed for relief under the Bankruptcy Code. *In re Johnson* (D.Me. 1981), 12 Bankr. 894.

■ The defendant next argues that even if interest continued to accrue as to her, the plaintiff waived its claim to that interest by failing to object to confirmation of the repayment plan, wherein the plaintiff's claim of $7,380.01 was paid in full and discharged. We disagree. Section 1325 of the Bankruptcy Code (11 U.S.C.A. sec. 1325 (1979)) sets forth the possible objections that may be raised with respect to confirmation of the repayment plan. It does not include the objection which the defendant argues should have been raised here—that the amount claimed did not fully compensate the plaintiff for interest which would accrue during the pendency of the bankruptcy proceedings. Such an objection would be meaningless, since it is settled law that a creditor cannot recover interest which accrued during the pendency of the bankruptcy proceedings from the bankrupt.

Further, we refuse to hold that a creditor must make such an objection in the bankruptcy court to protect his later cause of action against a cosigner on the debtor's obligation. The bankruptcy court is concerned with establishing a repayment plan between the bankrupt and his creditors. It is not concerned, nor should it be, with a creditor's right of recovery against a cosigner on the debtor's obligation who is not before the court. Here, the plaintiff's claim of $7,380.01 was the total amount it could claim from the bankrupt at the time the petition was filed. The claim was solely in relation to Ron Pyzska's bankruptcy proceedings and waived nothing in regard to the instant suit for full compensation from the defendant. Accordingly, the judgment of the circuit court of La Salle County is affirmed.

Affirmed.

BARRY, P.J., and STOUDER, J., concur.